JANUARY TERM, 1884, No. 315.　　　　JANUARY 11, 1884.

## Karstein *et al. v.* Bauer.

1. A. died seized of real estate and leaving him surviving a widow B and seven children. His eldest son and administrator prayed the orphans' court for partition, naming in his petition the widow and seven children of the decedent. An inquest issued, to which return was made by the sheriff valuing the premises at $1,200; the heirs were

[Karstein *et al. v.* Bauer.]

ruled to accept or refuse at the valuation, and all having notice and all refusing, the Court made an order of sale and directed C to make it ; C accordingly sold to D for $1,330 ; return to that effect was made, the sale duly confirmed, and a deed for the property executed to D, containing C's receipt for the full amount of the purchase money. No reference to B was made in the order of sale, its confirmation, or in the deed to the purchaser. Ten years afterwards, D having died in the interval, and an action of debt being brought by the widow against his heirs, the *terre tenants* of the land, to recover the interest upon one third of the purchase money for that period, it was *Held,* that in the absence of evidence of an actual receipt of the money by the widow, a release or something equivalent thereto, her share remained a charge upon the land, and the facts show no act of hers, capable of destroying her right nor sufficient to estop her from asserting it.

2. The provision of the act of March 29, 1832, that ·" where a decree for a sale shall be made by the orphans' court, the Court shall direct that the share of the widow of the purchase money shall remain in the hands of the purchaser during the natural life of the widow, and the interest thereof shall be annually and regularly paid to her by the purchaser, his heirs and assigns, holding the premises, to be recovered by distress or otherwise as rents are recoverable in this Commonwealth," is mandatory and absolute so that it is not in the power of the Court to adjudge the land to the party taking it or to the purchaser, discharged from the payment of the interest on the widow's share.

3. An action lies by the widow against the purchaser or alienee of the purchaser, and the Statute of Limitations cannot be set up against the widow's claim.

4. The judgment is *de terris* and not general.


Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.


Error to the Common Pleas, No. 4, of *Philadelphia County.*

Debt by Catharine Bauer against Elizabeth Karstein, Augustus, Annie, and Edward Karstein to recover interest claimed to be due her on her share in certain lands of plaintiff's deceased husband, John A. Bauer, sold by order of the orphans' court to Augustus Karstein, the husband and father (since deceased), of the defendants, who are his heirs and *terre tenants* of the lands.

The facts in the case as they appeared on the trial before THAYER, P. J.; are as follows :

On the 13th day of March, A. D. 1869, Henry A. Bauer presented a petition to the orphans' court of the county of Philadelphia, for the partition of the real estate late of his father, John A. Bauer, deceased, among which real estate was included a property on the north side of Jarvis street, ninety-six (96) feet six inches eastward from Second street, containing in front thirteen (13) feet and in depth sixty-two (62) feet nine inches.

The petition sets forth that the said John A. Bauer, the decedent, left surviving him a widow, Catharine Bauer,

and seven children, viz: Henry A. Bauer, Catharine Evans, Louisa Bauer, Sophia Bauer, Josephine Bauer, John Bauer, and Ann Bauer, the last three minors, having for their guardian Catharine Bauer.

The Court issued an inquest in partition, to which return was made by the sheriff May 7, 1870, that he had valued the same as set forth on his said return, $1,200.

On May 14, 1870, the Court granted a rule upon the heirs to accept or refuse the premises at the said valuation,

And on June 18, 1870, it appearing to the Court that all the parties interested had had notice of said rule, and that all of them refused to take the said premises described therein at the valuation thereof, the Court made an order for the sale of the premises described above, among others, and Henry A. Bauer, who was administrator of decedent, was ordered to make the sale.

The premises in question were sold by Henry A. Bauer on July 13, 1870, under the order of the Court, to Augustus Karstein for $1,330, and return was made to that effect July 23, 1870, to the Court, and the sale finally confirmed September 8, 1870, as follows : "Sale confirmed, security in double the amount of purchase money, Joseph Allison." The security was duly entered, and deed executed to the purchaser October 1, 1870. No reference occurs to the widow of John A. Bauer, either in the order of sale, the confirmation of the order, or the deed to the purchaser, and no order appears to have been made by the Court charging the widow's interest upon the premises, or providing otherwise for its security further than as noted above. From the receipt annexed to the purchaser's deed, it appeared that he had paid over the whole amount of the purchase money to the administrator. No attempt was made to show that the widow had ever received any portion of it.

The Court directed a verdict for the plaintiff, which was accordingly given for $370 78, the Court reserving the following points presented by defendants:

*First.* That as Augustus Karstein was a *bona fide* purchaser, without notice the title to him and those under him would be good against the claim of the plaintiff.

*Second.* The plaintiff, having been a party in the orphans' court to the prayer for partition, for sale, and for confirmation of deed, and not giving actual notice of her claim, or in fact any notice sufficient to put purchasers on inquiry, is barred by her action now when other rights have intervened.

*Third.* The plaintiff, having failed to make any demand within six years, is not entitled to recover.

*Fourth.* That the sale having realized $1,330, the full value of the property, which sum was paid to the administrators, the law will presume that in the settlement of his account in the orphans' court, the claim of the widow's dower was secured out of the purchase money.

The opinion of the Court below was delivered January 6, 1883, by THAYER, P. J., as follows:

There are few subjects in regard to which more solicitude has been shown by the Legislature and the courts than the protection of the widow's right in the estate of her deceased husband. The act of 1764, relative to the partition of the estates of decedents, enacted that her share should be valued and charged upon the land; that the interest should be regularly and annually paid to her, and that she might recover it by distress. The same provision was carried into the act of 1794, the act of 1807, and finally into the present law, the act of 29th March, 1832, which enacts that "the widow shall not be entitled to payment of the sum at which her purpart shall be valued, but the same shall remain charged upon the premises," and that, "where a decree for a sale shall be made by the orphans' court, the court shall direct that the share of the widow of the purchase money shall remain in the hands of the purchaser during the natural life of the widow, and the interest thereof shall be annually and regularly paid to her by the purchaser, his heirs and assigns, holding the premises, to be recovered, by distress or otherwise, as rents are recoverable in this Commonwealth." This provision is mandatory and absolute, so that it is not in the power of the court to adjudge the land to the party taking it, or to the purchaser, discharged from the payment of the interest on the widow's share: Good *v.* Good, 7 W., 199 ; Medlar *v.* Medlar, 2 Penna. R., 355. And the object of the provision is, as pointed out by Kennedy, J., in Good *v.* Good, that the payment of the money, after any lapse of time, may be made perfectly secure. By such a sale her interest is converted into a money charge on the premises: Vensel's Appeal, 27 Smith, 71. If a recognizance is taken, or other security, it is but a collateral security for the charge upon the land: DeHaven *v.* Bartholomew, 7 Smith, 126 ; Brooks *v.* Smyser, 12 Wright, 90. And debt or assumpsit by the widow lies against the purchaser or the alienee of the purchaser: Pidcock *v.* Bye, 3 R., 183 ; Shelly *v.* Shelly, 8 W. & S.,

[Karstein *et al. v.* Bauer.]

153; DeHaven *v.* Bartholomew, 7 Smith, 128.    The alienee and heir are in no better situation than the first purchaser: Hise *v.* Geiger, 7 W. & S., 273.    And the Statute of limitations cannot be set up against the widow's claim: Dillebaugh's Estate, 4 W., 177; DeHaven *v.* Bartholomew, 7 Sm., 126.

These provisions and decisions are conclusive of the present case. [Here the Court recited the facts *supra.*]

Under this state of facts, we entertain no doubt whatever that the share of the purchase money representing the widow's interest is a continuing lien upon the land, which may be enforced by the present action.    It was the fault of the purchaser to have paid over the whole amount of the purchase money to the administrator, if he did so without some agreement from the widow or a release of her interest.    In the absence of that there can be no doubt that her share of it remains a charge upon the land.    If the purchaser paid the whole amount to the administrator, he paid it in his own wrong, and the fact that he paid it ignorantly and in good faith will not exonerate the land from the charge, for nothing can accomplish that short of evidence of an actual receipt of the money by her, a release, or something tantamount to it.    And it makes no difference that neither the deed executed to the purchaser, nor any order of court made in the progress of the proceedings in partition, charged the widow's interest expressly upon the land.    That charge is made by the law *proprio vigore,* is the legal result of the sale in partition, and it can only be extinguished by some act of the widow herself.    Her rights cannot be taken away by her neglect to claim it, by the acts of third parties, or by lapse of time.    Judgment must therefore be entered for the plaintiff.    But it is a judgment *de terris,* and not a general judgment: Pidcock *v.* Bye, 3 R. 183; DeHaven *v.* Bartholomew, 7 Smith, 128.

Judgment for the plaintiff, *de terris,* on the points reserved, whereupon defendants took this writ, assigning for error the action of the Court in entering judgment for plaintiff upon the points reserved.

*George W. Arundel* for plaintiff in error.

If, by her tacit consent in allowing the payment of the full amount of the purchase money to the administrator, and its subsequent division between her other children and himself, the defendant in error induced the purchaser to believe she had abandoned her interest in the land, equity would, at least, hold her to a prompt assertion and

[Karstein *et al. v.* Bauer.]

pursuit of her claim, and should hold her failure for ten years, and until after the purchaser's death, to assert her claim, such laches as to now estop her.

It has been repeatedly held that a widow, in relation to her rights in her deceased husband's estate, being a *femme sole*, is subject to the application of all the principles of equitable estoppel: Carr *v.* Wallace, 7 Watts, 394; Simpson's Appeal, 8 Barr, 199; Troxell *v.* Iron Co., 6 Wright, 513; Ayres *v.* Wattson, 7 P. F. Smith, 360; Taggart's Appeal, Leg. Int., Dec. 22, 1882.

As the plaintiffs in error interpret the rulings in Schall's Appeal, 4 Wright, 170; Horam's Estate, 9 P. F. Smith, 152; Richards *v.* Rote, 18 *ibid.*, 251; Vensel's Appeal, 27 *ibid*, 71; and Dickinson *v.* Beyer, 6 Norris, 274, if the widow was a party to the proceedings in partition of her deceased husband's estate, or had notice thereof, her interest in the land is divested by the subsequent sale under the order of the orphans' court, and her right of dower is transferred in such a case from the land to the fund realized from the sale, and her right of action should be, if at all, against the administrator or his sureties, to account to her for the use during her life of the one third of the proceeds of the sale, he having, with her consent, received the identical fund now in dispute.

*John White* and *Jacob E. Bowers* for defendant in error.

The defendant in error, by the statutes, had no right to the money to remain on the property in the hands of the purchaser to secure her interest, and could not object to the partition, could do nothing but demand from the purchaser that which the law gave her—the interest for life upon one third of the purchase money, to be paid by the purchaser and those holding the property. The doctrine of estoppel does not apply to such a case. The purchase money in the hands of Bauer, who was ordered by the court to make the sale, could, in law, be considered only as the portion legally payable to him, that is, the portion then payable to the heirs—no part of it could go to the widow upon distribution.

JANUARY 21ST, 1884.—PER CURIAM: No fact is shown in this record to destroy the right of the widow, nor to estop her from asserting it. The opinion of the learned judge on the motion for judgment on the point reserved contains a clear and correct statement of the law.

Judgment affirmed.